UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL No. 6:95CR37 |
| DERRICK BRADLEY WILLIAMS | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On August 25, 2005, the Court conducted a hearing to consider Government's Petition to revoke the supervised release of Derrick Bradley Williams. The Government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by retained counsel, Rick Berry.

Defendant plead guilty to one count of Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), a Class B felony. On January 29, 1996, U.S. District Judge John Hannah, Jr. sentenced the Defendant to 87 months in prison followed by 4 years supervised release. The supervised release contained standard conditions prohibiting Defendant from committing any Federal, State, or local crime during the term of supervision. While on supervised release, Defendant plead guilty to two state crimes, and the Government brings this Petition for revocation of Defendant's supervised release based on these two violations.

On May 9, 2005, in Harrison County, the Defendant plead guilty to both Counts of a two part Indictment charging him with Delivery of a Controlled Substance. Count I alleged that on or about January 30, 2004, Defendant intentionally or knowingly delivered more than 4, but no more than 200 grams of cocaine, and Count II alleges the same behavior on February 3, 2004. Pursuant to the

1

plea agreement, Defendant received a sentence of 25 years in the Institution Division of the Texas Department of Criminal Justice and a $1,000 fine.  Defendant's actions also violate the terms of his Supervised Release, and carry the possibility of an independent term of imprisonment that must be served consecutively with the sentence imposed by the State of Texas.

Federal Statutes, supplemented by the United States Sentencing Guidelines, govern the revocation of Supervised Release and the resulting punishments.  The Court is required to revoke Supervised Release in situations where the Defendant's violation is sufficiently severe.  Revocation is mandatory when a Defendant commits any State crime involving a controlled substance that is punishable by more than 1 year in prison. U.S.S.G. § 7B1.3(a)(1).   In this case Defendant plead guilty to Delivery of a Controlled Substance and received 25 years in prison.  Therefore, the Court must revoke Defendant's term of Supervised Release and impose a term of imprisonment.

Under 18 U.S.C. 3583(e)(3), a defendant may receive a term of imprisonment no longer than 3 years for violating the terms of Supervised Release imposed following conviction of a Class B felony.  U.S.S.G. § 7B1.4(a) sets out more specific Guideline Ranges based on the severity of the violation and the defendant's criminal history category.  Considering Defendant's Criminal History Category of I and the relative severity of Defendant's recent state drug convictions, the Guideline Range in this case is 12-18 months.

Defendant plead True to both violations of his supervised release as alleged in the Government's Petition, and the Government recommended the Court impose 12 months imprisonment to be served consecutively with Defendant's pending state sentence.  The Defendant had no objection to the Government's recommendation.

The Court finds that the defendant's plea was made freely and voluntarily and that the

defendant is competent to enter this plea. The Defendant will be committed to the custody of the Bureau of Prisons after his release from the Institution Division of the Texas Department of Criminal Justice.

Pursuant to the Sentencing Reform Act of 1984 it is the recommendation of the Court that immediately following his release from the custody of the Institution Division of the Texas Department of Criminal Justice, the defendant Derrick Bradley Williams be committed to the custody of the Bureau of Prisons for a term of 12 months with no supervised release to follow.

**SIGNED** this **31** day of **August, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE